

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

March 21, 2000

The Honorable Tim Cone
Criminal District Attorney
Upshur County Justice Center
405 North Titus Street
Gilmer, Texas 75644

Opinion No. JC-0199

Re: Whether a member of the Gilmer Volunteer Fire Department may simultaneously serve on a city council (RQ-0131-JC)

Dear Mr. Cone:

You have requested our opinion as to whether a member of the city council of the City of Gilmer (the "city") may simultaneously serve as a member of the Gilmer Volunteer Fire Department (the "department"). For the reasons set forth below, we conclude that he may not do so.

A volunteer fire fighter does not hold an "office" under article XVI, section 40 of the Texas Constitution. Tex. Att'y Gen. LO-94-046, at 2-3; LO-88-085, at 1. Thus, the question before us is whether the common-law doctrine of incompatibility prohibits an individual from simultaneously holding the positions of city council member and volunteer fire fighter. The three aspects of incompatibility are self-appointment, self-employment, and conflicting loyalties, any one of which is sufficient to bar an individual from serving in two positions at the same time. *See* Tex. Att'y Gen. Op. No. JM-1266 (1990). Self-appointment is not applicable because, according to the city charter, the fire chief, with the approval of the city manager, appoints the members of the volunteer fire department. Neither does the conflicting loyalties aspect apply in this case, since the position of volunteer fire fighter is not an "office." *See id.*; *see also* Tex. Att'y Gen. LO-96-148, at 2; LO-95-052; LO-95-029, at 3; LO-93-027, at 2.

The situation you present may, however, implicate self-employment incompatibility, which bars an individual from holding two positions, one of which is answerable, immediately or ultimately, to the other. This doctrine was first recognized in Texas in 1977. In Letter Advisory No. 114 (1977), this office concluded that a public school teacher was not eligible to serve on the board of trustees of the district in which she was employed as a teacher. Tex. Att'y Gen. LA-114 (1977). *See also* Tex. Att'y Gen. Op. Nos. DM-156 (1992); DM-55 (1991); JM-203 (1984). In Attorney General Letter Opinion 94-070, however, this office, in concluding that a member of the City Council of the City of Hudson was not precluded from simultaneously serving as a member of the Hudson Volunteer Fire Department, declined to apply self-employment incompatibility to a situation involving a volunteer fire fighter. In that instance, the opinion noted, the City of Hudson did not

control the fire department or determine the duties of the volunteer fire fighters. Tex. Att'y Gen. LO-94-070, at 2.

Unlike the circumstances in Letter Opinion 94-070, the city charter of Gilmer creates a "Fire Department for the City of Gilmer, to be maintained by the Gilmer Volunteer Fire Department for the protection of the City." GILMER CITY CHARTER art. 4, §§ 4.05, 4.05.1 (1997). A fire chief, elected by the members of the department, must be "approved or denied by the City Council." *Id.* The fire chief is the chief administrative officer of the department and is fully responsible to the council for its administration and for enforcing the resolutions and ordinances of the city council. *Id.* The chief, with the approval of the city manager, appoints and removes the "*employees*" of the department. *Id.* (emphasis added). Whereas the Hudson Volunteer Fire Department appears to have been a truly independent organization, the department in Gilmer is clearly under the control of the city, is housed on city property, and is led by a chief who must be approved by the city council.

It might be argued that a volunteer fire fighter, as in Letter Opinion 94-070, is a mere "volunteer," and hence not subject to self-employment incompatibility. In Attorney General Letter Opinion 98-036, this office said that a member of a university board of regents was permitted to serve simultaneously as a volunteer coach for the football team. Tex. Att'y Gen. LO-98-036. Thus, there might appear to be an conflict between the city charter's characterization of the Gilmer fire fighters as "employees" and their status as "volunteers." But the fire fighters of Gilmer are not truly "unpaid." Each of them is compensated at the rate of $4.00 per fire and $4.00 per drill, and receives an annual contribution from the city to the Fire Fighters Relief and Retirement Fund. *See* Letter from Michael D. Martin, Gilmer City Attorney, to Honorable Tim Cone, Upshur County Criminal District Attorney, at 2 (May 14, 1999) (on file with Opinion Committee). Even such token payments have been held to constitute an "emolument" for purposes of article XVI, section 40 of the Texas Constitution. *See Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964); Tex. Att'y Gen. Op. Nos. JM-704 (1987); JM-594 (1986); Tex. Att'y Gen. LO-97-100; LO-93-033. Likewise, we think that such payments support the charter's description of volunteer fire fighters as "employees."

You also ask whether the city council member in question, by taking the oath for that office, automatically resigned his position with the volunteer fire department. Ordinarily, qualification for and acceptance of a second office operates as an *ipso facto* resignation from the first office. This office has said, however, that automatic relinquishment does not apply when one of the positions is a mere employment. Tex. Att'y Gen. LO-89-057. In the present instance, the Gilmer City Charter, rather than any resign-to-run provision, furnishes the answer. It provides: "If a member of the Council, a member of any Board or Commission appointed by the Council, or any appointive officer or employee of the City is elected or appointed to any publicly elected office, other than re-election to the same position on the City Council, they shall immediately forfeit their place, position, or employment with the City. . . . ." GILMER CITY CHARTER art. 3, § 3.02 (1997). Thus, under the terms of the Gilmer City Charter, if a volunteer fire fighter, as an "employee" of the city, is elected to the city council, he *ipso facto* resigns his position with the volunteer fire department.

## S U M M A R Y

Under the terms of the charter of the City of Gilmer, a member of the Gilmer Volunteer Fire Department is barred by common-law incompatibility from simultaneously serving as a member of the city council. Election to the Gilmer City Council operates as *ipso facto* resignation from the volunteer fire department.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee